# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE BRITTON YATES, | CASE NO. 1:10-cv-00530-SKO PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| C. KING, et al., | |
| Defendants. | (Doc. 1) |
| _____/ | RESPONSE DUE WITHIN 30 DAYS |

Plaintiff Theodore Britton Yates ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at the Deuel Vocational Institution in Tracy, California. However, the events described in Plaintiff's complaint took place while he was incarcerated at the California Correctional Institution in Tehachapi, California. Plaintiff is suing under Section 1983 for the violation of his rights under the Eighth Amendment. Plaintiff names C. King (correctional officer) and G. Gonzales (warden) as defendants. For the reasons set forth below, the Court finds that Plaintiff's complaint states a cognizable claim against Defendant C. King, but fails to state any cognizable claims against Defendant G. Gonzales. The Court will order Plaintiff to either file an amended complaint or notify the Court that he wishes to proceed only on his claims against Defendant C. King.

///

///

1

## I.   <u>Screening Requirement</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. <u>Id.</u> "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555).

## II.   <u>Background</u>

Plaintiff claims he was attacked by other inmates while leaving Defendant King's office. Plaintiff alleges that three inmates attacked Plaintiff and sprayed a chemical in Plaintiff's face. Plaintiff also alleges that one of the three inmates attempted to sexually assault Plaintiff. Plaintiff claims Defendant King left her office to investigate the commotion. When Plaintiff yelled for help, King ignored the situation and walked past Plaintiff.

///

///

III.  **Discussion**

Plaintiff claims that his rights under the Eighth Amendment were violated because Defendant King ignored Plaintiff while he was assaulted by three other inmates.  The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'"  Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)).  A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities."  Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  The subjective "sufficiently culpable state of mind" requirement is met when a prison official acts with "deliberate indifference" to inmate health or safety.  Id. (quoting Wilson, 501 U.S. at 302-303).  A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety."  Id. at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse."  Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982).  To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference."  Farmer, 511 U.S. at 837.

///

Plaintiff alleges that he was attacked and sexually assaulted by three inmates.  Plaintiff further alleges that Defendant King saw the assault take place and heard Plaintiff's cries for help, but ignored the situation and walked past Plaintiff.  Plaintiff states a cognizable claim against Defendant King for deliberate indifference toward a serious threat to Plaintiff's safety.

Plaintiff also names warden Gonzales as a defendant.  However, supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff does not allege that Defendant Gonzales was present during the assault.  Plaintiff's claims against Gonzales appear to be premised solely on the fact that he is the warden and Defendant King is his subordinate.  As set forth above, Defendant Gonzales is not liable for Plaintiff's injuries under Section 1983 merely because he is the supervisor of another prison official who violated Plaintiff's rights.  Accordingly, Plaintiff fails to state any cognizable claims against Defendant Gonzales.

**IV.   Conclusion and Order**

Plaintiff's complaint states cognizable claims against Defendant King for deliberate indifference toward a serious threat to Plaintiff's safety in violation of the Eighth Amendment.  Plaintiff's complaint fails to state claims against any other defendants.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not

4

change the nature of this suit by adding new, unrelated claims in his amended complaint. George

v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only

on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and

the Court will issue a recommendation for dismissal of the other claims and defendants, and will

forward Plaintiff one (1) summonses and one (1) USM-285 forms for completion and return. Upon

receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff elects to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a).

Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's

constitutional or other federal rights: "The inquiry into causation must be individualized and focus

on the duties and responsibilities of each individual defendant whose acts or omissions are alleged

to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P.

10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other

words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's

complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and that "the pleading

standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint.

Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

(9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior

or superceded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in

an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d

at 567 (citing <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.  In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.     Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a.     File an amended complaint curing the deficiencies identified by the Court in this order, or

   b.     Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant C. King for deliberate indifference toward a serious threat to Plaintiff's safety in violation of the Eighth Amendment; and

3.     If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:    November 10, 2010                        /s/ Sheila K. Oberto**
                                              UNITED STATES MAGISTRATE JUDGE