# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE BRITTON YATES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>C KING,<br><br>　　　　　Defendant.<br>_____ / | CASE NO. 1:10-cv-00530-SMS PC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF Nos. 45, 57, 59)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO BE EXCUSED FROM THE EXHAUSTION REQUIREMENT<br><br>(ECF No. 65)<br><br>ORDER STRIKING PLAINTIFF'S MOTION FOR OPPOSITION OF DEFENDANT'S MOTION TO DISMISS<br><br>(ECF No. 69) |

　　　　Plaintiff Theodore Britton Yates ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed March 25, 2010, against Defendant C. King for deliberate indifference to a serious threat to Plaintiff's safety in violation of the Eighth Amendment. (ECF No. 1.) Defendant filed a motion to dismiss for failure to exhaust administrative remedies on February 22, 2011. (ECF No. 45.) On April 15, 2011, Plaintiff filed a motion in opposition to the motion to dismiss, declaration in support of the motion, and opposition.[1] (ECF Nos. 57, 58, 59.) On May 4,

---

[1] Plaintiff was notified of the requirements for opposing a motion to dismiss for failure to exhaust by order issued December 14, 2010. (ECF No. 39.)

1

1  2011, Plaintiff filed a motion to exclude him from the exhaustion requirement. (ECF No. 65.) On
2  May 13, 2011, Plaintiff filed a motion in opposition of Defendant's motion to dismiss. (ECF No.
3  66.)

4     Initially, the Local Rules provide for a motion, an opposition, and a reply. Neither the Local
5  Rules nor the Federal Rules provide the right to file multiple motions in opposition to Defendant's
6  motion to dismiss, and the Court neither requested one nor granted a request on the behalf of
7  Plaintiff to file one. Accordingly, Plaintiff's motion in opposition, filed May 13, 2011, shall be
8  stricken from the record.

9     Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
10 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
11 confined in any jail, prison, or other correctional facility until such administrative remedies as are
12 available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement
13 applies to all prisoner suits relating to prison conditions. Woodford v. Ngo, 548 U.S. 81, 85 (2006).
14 All available remedies must be exhausted, not just those remedies that meet federal standards,
15 Woodford, 548 U.S. at 84, nor must they be "plain, speedy, and effective," Booth v. Churner, 532
16 U.S. 731, 739 (2001). Prisoners must complete the prison's administrative process, regardless of
17 the relief sought by the prisoner and regardless of the relief offered by the process, as long as the
18 administrative process can provide some sort of relief on the complaint stated. Id at 741; see
19 Woodford, 548 U.S. at 93.

20    The California Department of Corrections has an administrative grievance system for
21 prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the
22 department's jurisdiction may appeal any departmental decision, action, condition, or policy which
23 they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs., tit. 15 §
24 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second
25 formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15,
26 § 3084.5.

27    Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative
28 defense which defendants have the burden of raising and proving the absence of exhaustion. Lira

1 v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005). The failure to exhaust nonjudicial administrative
2 remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a
3 summary judgment motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing Ritza
4 v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).
5 "In deciding a motion to dismiss for failure to exhaust, a court may look beyond the pleadings and
6 decide disputed issues of fact." Sapp v. Kimbrell, 623 F.3d. 813, 821 (9th Cir. 2010) (quoting
7 Wyatt, 315 F.3d at 1119-20). If the court concludes that the prisoner has failed to exhaust
8 administrative remedies, the proper remedy is dismissal without prejudice, even where there has
9 been exhaustion while the suit is pending. Lira, 427 F.3d at 1171.

10  Defendant brings this unenumerated Rule 12(b) motion for failure to exhaust administrative
11 remedies as required by 42 U.S.C. § 1997e(a). Plaintiff's complaint alleges that in February 2010,
12 he was assaulted by other inmates as Defendant King walked by, ignoring the assault. (Compl. 3-4,
13 ECF No. 1.) Plaintiff did not file an inmate appeal regarding any incident that occurred in February
14 2010. (Motion to Dismiss 4, ECF No. 45.) Nine months after Plaintiff filed his complaint in this
15 action, he submitted an inmate appeal which was dated October 31, 2010, alleging that Defendant
16 King called him to the gym and had an inmate hit him on May 24, 2010, in retaliation for Plaintiff
17 filing this action. (Id. at 7.) In his appeal Plaintiff states "[a]fter speaking with psychiatrist Dr.
18 Boars and 2nd watch Sargents [sic] I decided to file a case against Warden Gonzales and Officer
19 King and I did so. (Id. at 9.) The appeal was screened out at the first level based on Plaintiff not
20 filing within the time frame set forth for appeals. (Id. at 5.) Plaintiff admits in his amended
21 complaint that he did not exhaust administrative remedies prior to filing his complaint.

22  Plaintiff filed three documents in opposition to Defendant's motion to dismiss. In his motion
23 of opposition, states two reasons for his failure to exhaust administrative remedies. First, there was
24 not enough time for him to exhaust administrative remedies as he was paroled on May 26, 2010.
25 Second, he was told by an officer at CCI that he would be beat up if he filed a grievance against
26 Officer King. This is the reason he mentioned retaliation in his complaint and he would have gotten
27 hurt because there is a "greenwall." (Motion of Opp. 2, ECF No. 57.) Plaintiff filed a document
28 entitled "Motion in Support of my Motion of Oppisition, [sic] and What I Think Inmate Mathew

1  Innerbichler Would Say in my Defense." (ECF No. 58.)  This document is clearly speculative and
2  will not be considered for purposes of this motion.  Plaintiff also filed a document entitled "Motion
3  for Reason Plaintiff Could Not Exhaust Administrative Remedies and Defendants [sic] Fed. R. Civ.
4  Proc. 12(b) Motion to Dismiss," stating that he did not exhaust administrative remedies because he
5  would have been beaten up by Correctional Officers.  (ECF No. 59.)

6        Plaintiff assertion that he was unable to exhaust administrative remedies because he was
7  paroled on May 26, 2010, is clearly without merit as to the claims alleged in this action.  The
8  incident alleged occurred in February 2010, and the regulations require that the inmate "must submit
9  the appeal within 15 working days of the event . . . being appealed."  Cal. Code Regs. tit 15, §
10 3084.6(c).  Plaintiff paroled in May, more than two months later, and there was ample opportunity
11 for him to file an inmate appeal within the fifteen working days as required by the regulations.
12 Plaintiff filed an appeal October 31, 2010, alleging an incident that occurred between himself and
13 Defendant King on May 24, 2010, which was two days prior to his parole date.  Therefore Plaintiff's
14 arguments set forth in this declaration must relate to that incident.

15       Plaintiff states that he was told by an officer that if he filed an inmate appeal he would be
16 beat up.  Where circumstances render exhaustion of remedies unavailable exhaustion is not required.
17 Sapp. 623 F.3d at 822; Nunez v. Duncan, 591 F.3d 1217, 1225 (9th Cir. 2010.)  An exception exists
18 where the inmate took reasonable and appropriate steps to exhaust his administrative remedies and
19 was unable to exhaust through no fault of his own.  Nunez, 591 F.3d at 1224.  Plaintiff admits that
20 he made no effort to file an inmate appeal regarding this incident and did not decide to file this action
21 until after speaking with his psychologist and a second watch sergeant.

22       A fear of retaliation is not an exception to the exhaustion requirement.  See, e.g. Garcia v.
23 Baca, 2008 WL 5119156, at * 4, No. CV-06-4837-FMC (C.D. Cal. Dec. 2, 2008); Ketchens v.
24 Rocha, 2006 WL 1652658, at * 2, No. 1:05-cv-0131-OWW-LJO (E.D. Cal. June 14, 2006.);
25 Williams v. Lewis, 2005 WL 1829698, at * 5, No. CVF99-6523-OWW-LJO (July 26, 2005.)
26 Plaintiff's claim that some unidentified officer at some unidentified time made a statement that he
27 would be beat up if he filed an appeal does not demonstrate that the grievance process was
28 unavailable to Plaintiff for the February 2010 incident alleged in this action.  Additionally, Plaintiff's

allegations that he was threatened appear to have occurred after the May incident. Such statements made months after Plaintiff would have been required to file an inmate appeal would not excuse his failure to exhaust the incident at issue in this action. Plaintiff has not demonstrated that he was precluded from filing an inmate appeal. Since Plaintiff did not take reasonable and appropriate steps to exhaust his administrative remedies, Defendant's motion to dismiss shall be granted.

In Plaintiff's motion filed May 4, 2010, he requests that he be excused from the exhaustion requirement because he was subject to retaliation after he filed this suit. Exhaustion is mandatory, Booth, 532 U.S. at 741, and may only be excused if Plaintiff falls under a recognized exception. Since Plaintiff has failed to submit evidence showing that he is entitled to be excused from exhausting his administrative remedies his motion shall be denied.

Accordingly, based on the foregoing, the Court HEREBY ORDERS that;

1. Defendant's motion to dismiss for failure to exhaust administrative remedies filed February 22, 2011, is GRANTED;

2. Plaintiff's motion for be excluded from the exhaustion requirement filed May 4, 2011, is DENIED;

3. Plaintiff's motion in opposition to Defendant's motion to dismiss filed May 13, 2011, is STRICKEN form the record;

4. This action is dismissed in its entirety, without prejudice, for failure to exhaust administrative remedies;

5. All pending motions are terminated; and

6. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

**Dated:   May 27, 2011**                    /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE